IN THE SUPREME COURT OF THE STATE OF MONTANA

No. AF 06-0377

_____

| | | |
|---|---|---|
| IN THE MATTER OF AMENDING THE RULES FOR | ) | |
| PRIVACY AND PUBLIC ACCESS TO COURT | ) | O R D E R |
| RECORDS IN MONTANA | ) | |

_____

State Law Librarian Judy Meadows and Elaine Dahl of Montana Legal Services have filed a petition setting forth written recommendations to the Court regarding possible approaches to changes to the Rules for Privacy and Public Access to Court Records in Montana (the Privacy Rules). The purpose of their recommendations is to address difficulties with the current Privacy Rules, as more fully described in their petition.

IT IS ORDERED that public comments will be accepted on the alternative rule amendment proposals labeled as "Version A" and "Version B" in the attached petition. Such comments shall be filed, in writing, with the Clerk of this Court, within 90 days of the date of this Order.

IT IS FURTHER ORDERED that this Order and the attached copy of the petition shall be published on the Montana Supreme Court website, and that notice of this Order shall be posted on the website of the State Bar of Montana and in the next available issue of the *Montana Lawyer*.

The Clerk is directed to provide copies of this Order, including the attached copy of the petition, to the Montana State Law Library and the State Bar of Montana. The Clerk is further directed to provide copies of this Order to the clerk of each district court in Montana with a request that the clerk provide a copy to the district judge of that district; the judge of the Workers' Compensation Court; the Chief Judge of the Water Court; the Supreme Court Administrator, who shall serve each of the judges of the Courts of Limited Jurisdiction and each juvenile probation officer; the Attorney General of the State of Montana, with the

request that he serve each law enforcement agency or organization that he deems appropriate; the  chairperson of the Commission on Courts of Limited Jurisdiction; the State Appellate Defender and the Chief Public Defender; the Legislative Council; and Montana Legal Services.

DATED this 7th day of December, 2010.

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 06-0377

---

IN THE MATTER OF AMENDING THE RULES FOR PRIVACY AND PUBLIC ACCESS TO COURT RECORDS IN MONTANA

PETITION OF MONTANA LEGAL SERVICES ASSOCIATION AND STATE LAW LIBRARIAN JUDY MEADOWS

---

On June 22, 2010, the Court held a public meeting at which it discussed the Rules for Public Access and Privacy to Court Records in Montana (Privacy Rules). State Law Librarian Judy Meadows and Montana Legal Services Association (MLSA) attorney Elaine Dahl attended the meeting, and agreed to submit written recommendations to the Court regarding possible approaches to the Privacy Rules. We first briefly introduce issues pertaining to the Privacy Rules, and then set forth a number of alternative recommendations.

Several types of cases necessarily require the disclosure of sensitive information, not only so a trial court can decide the case, but also so non-court entities can enforce the court's order or judgment once it is entered.[1] In the wrong hands, sensitive information could make a person vulnerable to identity theft, fraud, or even bodily harm at the hands of "cyberstalkers" including former abusers and child predators. Ideally, any court records system would provide: (a) sufficient information for courts to decide cases and enforcing entities to carry out those decisions, (b) sufficient public access to ensure transparency of the courts and uphold the Montana Constitutional right to know, and (c) adequate protections of individual privacy interests. But this ideal is much easier said than done.

---

[1] We expressly do not address matters pertaining to protecting sensitive information in criminal cases, such as the right to a speedy and public trial, due process considerations in charging documents, and laws pertaining to victims' rights. The Appellate Defender's Office and the Criminal Appellate Bureau of the Montana Attorney General's Office are aware we are submitting these recommendations. If the Court wishes to consider criminal-specific matters before adopting an approach to the Privacy Rules, we respectfully suggest that the Court order those offices to provide supplemental briefing.

1

Courts around the country have struggled with the issue of providing public access, and particularly Internet access, while protecting private information. The "Privacy/Public Access to Court Records" page on the National Center for State Courts website provides links to several articles relating to this point. *See* *http://www.ncsc.org/topics/access-and-fairness/privacy-public-access-to-court-records/resource-guide.aspx*. In addition to issues that all state courts face, Montana also has specific laws including Article II, Sections 9 and 10, of the Montana Constitution setting forth the right to know and the right of privacy. As we have considered this issue, we have encountered many passionate people with varying meritorious perspectives. We submit this petition with the clear understanding that no solution is perfect, and we are simply doing our best to provide options for the Court's consideration.

Sections 4.50 and 4.60 of the Privacy Rules place the burden on the filing party to protect sensitive information in accordance with state and federal laws that require information to be made public or kept private, respectively. People filing court documents in Montana generally are doing one of the following: (1) struggling to comply with Privacy Rules when courts are not consistent statewide in their interpretation and application of those rules; (2) routinely moving to seal court records in most or all cases; or (3) making no attempt whatsoever to comply with the Privacy Rules. The Privacy Rules do not require courts to enforce compliance, and clerks of court and other court staff often do not have the resources to enforce compliance in any event. Nor do the Privacy Rules contain specific guidance about their implementation with respect to filing court documents, which has led to diverging interpretations over how to protect information and what kinds of information must be redacted or included. Given these factors, MLSA and the Commission on Self-Represented Litigants have struggled to develop Privacy Rules-related forms and resources for self-represented litigants on a statewide basis, and Privacy Rules compliance by both attorneys and self-represented litigants is haphazard at best.

2

Some Montana trial courts have adopted an approach whereby litigants may file redacted documents in the regular record, and file or lodge either unredacted documents or a sensitive data sheet under seal. *See* "Access to Court Records" including forms and resources developed by Judge Michele Snowberger and State Law Library staff, *available at* http://courts.mt.gov/crt_records/default.mcpx. A sensitive data sheet, also known as a reference list, is a sort of legend or "Rosetta Stone" listing the redacted information, along with any identifiers contained in the redacted documents such as "Child 1." We are especially concerned that self-represented litigants and others who attempt to comply with the Privacy Rules under a "lodging" approach may inadvertently miss deadlines, effect improper service, or provide insufficient information, thus endangering their ability to proceed with their substantive cases and obtain access to justice.

We submit the following alternative recommendations, parts of which could potentially work in sequence or combination. We also ask the Court to consider these recommendations in conjunction with the proposed changes to the Montana Rules of Civil Procedure that are currently pending before the Court, and especially proposed Rule 5.2, M.R.Civ.P.

1. **Remove minor children's names from Section 4.50**

At the Court's public meeting on June 22, Meadows and Justice Nelson discussed the possibility of removing minor children's names from the list of information excluded from public access under Section 4.50 of the Privacy Rules. Among other things, they discussed the difficulties associated with identifying children by initials, as well as the lack of protection for children identified by initials when their parents are named in publicly available court records. If the Court selects this option, we have some concerns and suggestions.

MLSA became particularly familiar with the issue of children's initials in relation to a dispute that arose between the Montana Department of Justice and the Commission on Courts of Limited Jurisdiction over the use of initials in orders of

3

protection. MLSA proposed a solution that would keep children's names in the orders. In this respect, we note that 18 U.S.C. § 2265(d)(3) states the following:

> LIMITS ON INTERNET PUBLICATION OF REGISTRATION INFORMATION.—A State, Indian tribe, or territory shall not make available publicly on the Internet any information regarding the registration, filing of a petition for, or issuance of a protection order, restraining order or injunction, restraining order, or injunction in either the issuing or enforcing State, tribal or territorial jurisdiction, if such publication would be likely to publicly reveal the identity or location of the party protected under such order. A State, Indian tribe, or territory may share court-generated and law enforcement-generated information contained in secure, governmental registries for protection order enforcement purposes.

Assuming that Congress does not change this statute, we believe it would preclude Internet publication of orders of protection by the court system. While a person could potentially access paper orders at the courthouse, we believe the primary danger associated with including children's names in such orders would be alleviated so long as the courts complied with this federal law.

In other types of cases, we are obviously concerned that orders and judgments omitting a child's name could be difficult to read or unenforceable, and believe some courts' interpretation of the rules is incongruous insofar as those courts would protect a teenaged employee's name in a wage claim case while requiring a six-year-old's name and address to be set forth in a petition for dissolution under § 40-4-105(1)(d), MCA. At the same time, we are concerned about protecting a child's sensitive information in domestic violence and other family law cases, which often involve false allegations and "dirty laundry" about all members of a family, including children. We are especially concerned that child sexual predators may use a searchable remote access system to find previously abused or otherwise vulnerable children. Moreover, given that parents often lose sight of their children's interests during contentious dissolutions or parenting disputes, we are not convinced that the current Privacy Rules adequately

4

protect a child by placing the entire responsibility to protect the child's information on the parent. *See* Section 4.60.

To be clear, our concern is not that a child's information should be protected merely because his or her parents are divorcing, but because of some of the allegations and evidence that may arise during a parenting plan proceeding. For example, a parent may allege the other parent is a drug addict, the child needs treatment for severe acne, and the child should have adult supervision around an uncle who molested her when she was 3 years old. The judge may well need to consider this information and any supporting evidence in adopting a parenting plan. In addition, if the child is later placed under the state's temporary investigative authority, the assigned social worker may need access to the information in the court records. But placing this information on the Internet with the child's name and address so that the child's peers, potential employers, and predators can easily and anonymously access it could be very damaging, and even dangerous, to the child.

If the Court decides not to suspend the Privacy Rules and to remove minor children's names from the list of information to be kept private in Section 4.50, we ask the Court to revisit how to protect child-related information when it adopts an e-filing and remote access system and rules. One idea is to restrict access to the content of post-petition and post-answer filings such as motions, affidavits and briefs, because those filings often contain sensitive information.

Another idea is to create a field in family law forms for allegations regarding a child's best interests that could be blocked from public view while still visible to court staff, parties, and other authorized personnel with passwords or other forms of clearance. We have included this option as part of both of the proposed versions of rule changes and the forms below. This approach is difficult to implement, however. Reasonable minds may differ over the scope of the information in a particular case that pertains to the child's best interests, such as information about a parent. Accordingly, self-represented litigants may have

5

difficulty discerning which information pertains to a child's best interests and, of that information, what should be protected in a sensitive data sheet. The court could distribute an information sheet on this point, but it would be difficult to account for every possible type of information in every case. Understanding these problems exist, we suggest below a "paper" version of the "blocked field" approach, by including "best interests" information on a sensitive data sheet and an informational sheet about how to decide which information to protect. A "blocked field" approach would allow courts and enforcing entities to have necessary information, while restricting the public's ability to access the information with an anonymous "point and click." If the Court decides to keep the Privacy Rules and omit children's names from the list of presumptively private information in Section 4.50(c), we ask that the Court clarify in its order about this Petition or elsewhere that the publication of children's information on the Internet is an issue that has not yet been decided or resolved.

## 2. Amend and supplement the Privacy Rules (Version A)

If the Court declines to suspend the Privacy Rules, as suggested below, we recommend that the Court amend and supplement the rules to clarify aspects of the processes by which a person may protect information or access previously restricted information as set forth in "Version A" in the Appendix to this Petition. We also suggest the addition of forms to Section 9.00, *et seq.* The Court may wish to consider other amendments to the Privacy Rules, but we are including in Version A language only pertaining to Sections 2.00, 4.50 and 4.60, because we believe those are the most important sections to address at this time. We are happy to provide the proposed language and forms in electronic format on request.

In suggesting these amendments, we stress that sensitive information about parties and non-parties will almost certainly continue to appear in court records so long as the Privacy Rules are not enforced. In this respect, we reiterate that city- and county-funded clerks of court are often overburdened and understaffed, and may simply be unable to take on the additional role of enforcing Privacy Rules

6

compliance. At the very least, we recognize that placing any duties relating to compliance on those offices would be very unpopular. If the Court decides to keep the Privacy Rules, we strongly urge the Court to consider delegating court staff such as law clerks to participate in Privacy Rules enforcement, and to provide training to clerks of court as needed. Without enforcement, the mere existence of any version of the Privacy Rules will not ensure the protection of sensitive information, including information about non-parties. That said, we submit Version A in an attempt to clarify the procedures to be followed and to assist courts and litigants in applying the Privacy Rules.

Our suggestion for amending Section 2.00 is to clarify that people and entities who enforce judgments or who require information for authorized reporting purposes may obtain otherwise restricted information directly from courts. Examples of these entities include law enforcement officers, the Child Support Enforcement Division, title companies, and credit reporting companies. We propose allowing flexibility in the rule, so parties and court staff may afford an enforcing entity access to sealed sensitive data sheets and other restricted information as appropriate to the case.

Regarding Sections 4.50 and 4.60, the intent behind our suggestions is to standardize the procedures by which courts protect private information, and to provide guidance to litigants and practitioners on how to follow those procedures. We propose eliminating the phrases "unless required to be made public" and "unless state law requires a child's name to be accessible to the public" from Section 4.50, and instead provide that sensitive information such as social security numbers will go into a sealed sensitive data sheet that will be incorporated into the judgment and provided to enforcing entities as appropriate. We are aware that some trial courts and enforcing entities may resist this approach, but we believe it is preferable to having uncertainty about whether information such as a social security number must be made public under a statute requiring its inclusion in a

7

pleading. The Court may wish to gather input from trial courts and enforcing entities before adopting this approach.

We also propose eliminating the word "complete" from the provisions about social security numbers and bank accounts, because partial numbers can be a security risk and the complete numbers will be available to court staff and enforcing entities in a sensitive data sheet under Version A. In addition, we propose replacing the prohibition against all children's names with a provision to protect "best interests" or other private information about a child. We make this proposal with the caveat set forth in Recommendation 1 above about the difficulty in defining the scope of the information to be protected in this manner. While we envision this type of protection would work better in an automated system, we submit it for the Court's consideration as a means of protecting children's sensitive information without merely replacing names with initials or generic terms such as "Child 1." We respectfully suggest that the child's privacy interest in information such as that submitted to a court for a "best interests" determination will nearly always outweigh the public's right to know that information for purposes of court transparency and accountability.

With respect to other sensitive information protected by federal or state law, including the individual right of privacy in Article II, Section 10, of the Montana Constitution, we recommend Section 4.60 be entirely replaced to provide parties clear step-by-step guidance about how to move for protection of that information. Under the current version of Sections 4.50 and 4.60, parties have the obligation of knowing all federal and state laws that may require restrictions on access to certain information. As the Task Force's extensive commentary to Section 4.50 indicates, many such laws exist, and some laws may be subject to varying interpretations. In addition, assuming *arguendo* that a party may file information under seal absent a law, rule, or leave of court authorizing such filing, that party would then need to police all other parties' filings to ensure their compliance. By the time the first party moved the court to require the other party

8

to re-file the information under seal, a non-party could retrieve the information. In addition, allowing parties to file under seal after unilaterally deciding questions of law may incentivize some lawyers and litigants to file absolutely everything under seal, thus frustrating many of the purposes behind the constitutional right to know and related laws.

For these and other reasons, we believe a court must be involved in the decisions to protect or release information under a federal or state law. Version A's proposed Section 4.60 is designed to expand and clarify aspects of the process. Version A is also designed to eliminate potential difficulties with service and deadlines that may arise under the current Section 4.60's provision that a litigant does not actually file a document until the court rules on the litigant's request to keep information private.

We hope the remainder of the proposed changes to Section 4.60 in Version A are self-explanatory. While they are rather detailed, we believe such detail may be necessary to provide courts, litigants, and the Bar guidance about the mechanics of protecting and accessing sensitive information. Moreover, the Court may adopt only some of the proposed rule changes in Version A, if the Court believes the forms sufficiently explain the procedures to be followed or for some other reason.

### 3. Restrict access in family law cases to final orders (Version B)

Version B is similar to Version A in some respects, but differs in that it focuses primarily on protecting information in family law cases. As the Court is aware, family law cases often involve allegations of infidelity, physical and sexual abuse, psychological and school records, financial information, and other types of sensitive information. In addition, and unfortunately, many allegations in family law cases are false. We are concerned that public access, and especially unrestricted Internet access, to family law records could be harmful to litigants and, more importantly, to the children involved.

Accordingly, we submit a version of the Privacy Rules (Version B) that specifically addresses family law cases. Version B would restrict access to all

documents filed in family law cases except for designated final orders. It would further provide that even final orders would not include information that would ordinarily be kept in a sensitive data sheet, such as social security numbers and bank account numbers. In addition, Version B is not as complex as Version A in terms of procedures, largely because many concerns would be alleviated if family law cases are protected from public disclosure. We hope that the instructions in the forms would sufficiently explain procedures for litigants. If the Court adopts Version B, it may be appropriate to adopt similar rules for other types of cases.

### 4. Temporarily suspend the Privacy Rules

The Court could consider suspending all or part of the Privacy Rules, at least until the Court adopts an integrated statewide e-filing and remote access system and accompanying rules. If the Court selects this option, litigants and courts will be in the same position as they were before the Privacy Rules were adopted.

In its June 24, 2008, order amending the Privacy Rules, the Court recalled it had previously "noted its concerns that the rules of electronic filing of court documents, which are presently under study and being developed by a subcommittee of the Task Force, incorporate adequate protection of the privacy of crime victims and other personally identifying information included in court documents." Order dated June 24, 2008 in Cause Number AF 06-0377, page 2. The Court amended Section 4.20 to state that court records would not be published on the Internet until the Court approved e-filing rules. *See* Section 4.20. The Task Force commentary to Section 4.20 states that "[i]t is hoped that within a year or two there will be sufficient understanding and tools available for privacy protection that [orders, decrees, final judgments and other court-created documents] will be able to be placed online for public access, while still protecting individual privacy."

It is our understanding that the Court's adoption of an e-filing and remote access system will not occur in the near future. To date, the e-filing subcommittee

has not considered working groups' input regarding self-represented litigants, privacy protections, and other matters. Nor has the subcommittee submitted its recommendations to the Commission on Technology. Accordingly, the Court has not yet had the opportunity to adopt e-filing rules, and the Privacy Rules operate in a sort of limbo between the current "paper world" and the largely unknown future e-filing and remote access world.

The eventual design of an e-filing and remote access system will likely have a significant impact on the means by which litigants and courts can protect sensitive information. The e-filing system could incorporate any of the following:

- password protections with different levels of clearance or access to court documents or parts of court documents depending on the user's role, which could be developed after coordination with non-court entities that regularly enforce court orders;

- Hotdocs or PDF software for forms in certain types of cases, in conjunction with the existing FullCourt system, to automatically block fields from public view while allowing authorized people with passwords or other clearance to view the information in the blocked fields. For an example of an interactive Hotdocs form, *see* https://lawhelpinteractive.org/login_form?template_id=template.200 8-12-15.2911875387;

- "tags" to help identify and redact certain information. *See* Task Force Commentary to Rule 3.20;

- optical character recognition (OCR) software to redact information from briefs, transcripts, exhibits and other "non-form" documents; or

- an automated interview process for uploading exhibits that would help identify them and, in light of state and federal laws, provide guidance about whether they should be filed under seal, filed but not published on the Internet, or filed as a generally accessible document.

In addition to technological approaches, the Court could also limit the scope of documents available on an Internet remote access system. For example, the Court may decide to:

- continue to limit Internet publication to court-generated documents, but possibly expand to final orders and judgments;

or

- delay or limit Internet publication of documents filed by self-represented litigants, unless or until they have been reviewed by all parties and/or court staff for private or sensitive information. For example, the Court could adopt a mandatory 5-day review period.

At this juncture, it is not clear whether the Court, the Legislature, or both branches have authority under the Montana Constitution to exclude certain categories of cases or information from public access or Internet publication, or whether trial courts must always rule on the protection of private information on a case-by-case basis. *See* Montana Constitution, Article II, Sections 9 and 10, and Article III, Section 1. Nor is it clear whether the Court is willing to adopt mandatory trial court forms for certain types of cases that may facilitate automation-related protections of private information such as blocked fields. *See e.g.* Rule 1.31, California Rules of Court. In any event, the design of an e-filing and remote access system may make it easier for litigants and courts to protect private information automatically, lessen the need to protect certain information that would be available on a "courthouse only" basis, and reduce the burden on clerks of court to facilitate a "double filing" or sensitive data sheet process.

In proposing the temporary suspension of the Privacy Rules, we are mindful of the potential for "downstream access," meaning that a person or private company could scan a paper document obtained from a clerk's office and publish it on the Internet without court involvement. As a practical matter, however, this potential for downstream access existed before the adoption of the Privacy Rules, and continues to exist insofar as Privacy Rules compliance is low and some courts

include sensitive information in orders and judgments because they believe it necessary under a statute or for enforcement purposes. We believe the primary focus should be on protecting private information that may potentially be published on the Internet under the future e-filing and remote access system. Until e-filing becomes a reality, we suggest that the Court approve informational sheets to be posted or distributed by Montana clerks of court about the filing and protection of sensitive information. We submit for the Court's consideration the draft information sheet attached to this petition.

Respectfully submitted on the 12th day of October , 2010

Judy Meadows,     State Law Librarian
                 Chair, Privacy Rules Task Force

Elaine Dahl, Montana Legal Services Association

# APPENDIX, INCLUDING INFORMATIONAL SHEETS, PROPOSED RULE AMENDMENTS (VERSION A and VERSION B), AND FORMS

Version A..................................................................15-17
Version B  ...............................................................18-20
Forms......................................................................21-34
Information Sheets  ...................................................35-36

# PROPOSED AMENDMENTS TO PRIVACY RULES—VERSION A

*[Proposed] Section 2.00—Who Has Access Under These Rules*
*[to be added as a new subsection]*

(e)   *People or entities, private or governmental, that enforce the order or judgment of a given case or that require information for authorized reporting purposes, as provided in the order or judgment or as necessary given the circumstances of the case. Examples of people or entities that require information for authorized reporting purposes are title companies and credit reporting companies.*

*[Proposed] Section 4.50—Court Records Excluded from Public Access*
*The following information in a court record is not accessible to the public:*
(a)   *Information that is not to be accessible to the public pursuant to state law.*
(b)   *Information that is not to be accessible to the public pursuant to federal law.*
(c)   ~~*Unless required to be made public*~~ *Other than as provided in Section 4.60(a)(2), the following information is not ~~available~~ accessible to the public without leave of the court:*
        *1)*   ~~*Complete*~~ *Social security numbers;*
        *2)*   ~~*Complete*~~ *Financial account numbers;*
        *3)*   ~~*Full names of minor children, unless state law requires a child's name to be accessible to the public*~~*; Private information about a minor child, such as information relating to the child's best interests; and*
        *4)*   *Full birth dates of any person.*
(d)   *It is the responsibility of the filing party to comply with these rules and follow the procedures of Section 4.60 to protect private information.*

*[Proposed] Section 4.60—Requests to Prohibit Public Access to Information in Court Records or to Obtain Access to Restricted Information*

*[to replace the current Section 4.60 entirely]*
*The clerk will keep any motions and responses filed to protect or access information under this Section under seal because those papers may refer to the private information. The judge may order, however, that the motion or response be part of the public record if there is no private information in it.*
(a)   *To restrict access to information listed in Section 4.50(c), a party may use a sensitive data sheet as follows:*
    *1.*   *Any party may file a sensitive data sheet under seal, without a motion, to protect the private information listed in Section 4.50(c). The party will serve the sensitive data sheet on all other parties by*

15

*mail. The sensitive data sheet will list the sensitive information and any substitute terms used in court documents. All parties, judges and court staff must omit or redact this information from their papers in the court file. The judge or clerk may, with or without a motion, order a party to file or re-file documents to comply with the sensitive data sheet. The judge or clerk may also order any party to file a certification stating the party has protected the information in the sensitive data sheet.*

2. *The sensitive data sheet filed under seal will be considered part of a judgment or order for enforcement purposes. Any party, party's attorney, or court employee may provide the sensitive data sheet in that party's case as appropriate to a non-court entity for enforcement purposes. The clerk will date stamp the sensitive data sheet to reflect that it has been filed with the court. Any statute that apparently requires the inclusion of information listed in Section 4.50(c) in a court document will be construed to mean that the information should be listed in a sensitive data sheet kept under seal.*

3. *If a person does not comply with a court's order to file a certification or to redact or re-file a previously filed document within 14 days, the person waives the protection of his or her own information in the document. If the document contains private information about another person, it must be kept under seal until the court notifies that person and gives him or her 10 days to request redaction. The court may also order, with or without a motion, that a non-complying document be kept under seal.*

4. *A party must file both a redacted and an unredacted copy of any transcript, exhibit, or any other paper that the party did not create which contains any private information listed in 4.50(c). The clerk will keep the original unredacted document under seal. To redact, a party must strike the information thoroughly with a pen, and may also cross the information out with a black marker.*

5. *If a court reporter files a recording or transcript pursuant to a court order or standard court practice, the clerk will file it under seal. The clerk will issue an order giving the parties 10 days to review the transcript or recording for sensitive information and to notify any non-party about whom sensitive information is included in the recording or transcript. The parties will file a single redacted copy of the transcript for the publicly accessible record. If the parties cannot agree about which information to redact, they will file a joint motion presenting their differences, and the court will order them to redact as it deems appropriate.*

*(b)* *To restrict access to information other than that listed in Section 4.50(c), a party or person whose potentially sensitive information is in court documents may file and serve a motion to seal part or all of previously filed documents and to order all parties to omit or redact the information from documents filed in the future. The clerk will seal those portions of the record at issue until the judge rules on the motion. The court may also order, without a motion, that information in a court file be protected.*

> *1)* *If any party or person whose information is in court documents is aware of any applicable federal or state laws about protecting or disclosing the information, other than the right to know and right of privacy in the Montana Constitution, the party must list those laws along with his or her motion or response. But if a party in good faith fails to list such a law, the party will not be subject to dismissal of the case or other sanction for that reason alone.*

> *2)* *The judge may order that information protected under federal or state law be redacted and re-filed, or sealed. The judge may also order that a previously filed sensitive data sheet be amended.*

> *3)* *If a party seeks to protect information in court documents and the court determines the information is public, the party may move to dismiss the case and maintain it under seal. After the dismissal, the party may appeal to the supreme court on the basis that the court erred in determining the case was public.*

*c)* *If a member of the public wishes to obtain access to a sensitive data sheet or any other information filed under seal, the person must file a motion to obtain access to the restricted document. The person seeking access to a restricted document must serve the motion on all parties and on any person who moved to protect the information sought. When the request is for bulk or compiled information that the court has previously restricted access to, the court will also consider Section 4.40 in deciding on the motion.*

*d)* *A party who fails to meet a procedural or substantive requirement because he or she is attempting in good faith to comply with these rules will not be subject to dismissal of his or her case or other sanction. A judge may, with or without a motion, hold time limits in abeyance or request additional information if a party fails to meet a requirement due to acting in good faith to comply with these rules.*

*e)* *Forms are available in Section 9.00, et seq., to request protection of, or access to, information.*

17

# PROPOSED AMENDMENTS TO PRIVACY RULES—VERSION B

*[Proposed] Section 2.00—Who Has Access Under These Rules*
*[to be added as a new subsection]*

(e)     *People or entities, private or governmental, that enforce the order or judgment of a given case or that require information for authorized reporting purposes, as provided in the order or judgment or as necessary given the circumstances of the case. Examples of people or entities that require information for authorized reporting purposes are title companies and credit reporting companies.*

*[Proposed] Section 4.50—Court Records Excluded from Public Access*
*The following information in a court record is not accessible to the public:*

(a)     *Information that is not to be accessible to the public pursuant to state law.*

(b)     *Information that is not to be accessible to the public pursuant to federal law.*

(c)     *Protected information:*

1.     ~~*Unless required to be made public*~~ *Other than as provided in Section 4.60, the following information is not* ~~*available*~~ *accessible to the public without leave of the court:*

A.—~~*Complete*~~ *Social security numbers;*

B.     ~~*Complete*~~ *Financial account numbers;*

C.     ~~*Full names of minor children, unless state law requires a child's name to be accessible to the public;*~~ *Private information about a minor child, such as information relating to the child's best interests; and*

D.     *Full birth dates of any person.*

2.     *The protected information listed in subsection 4.50(c)(1) will be filed under seal on a sensitive data sheet. The people and entities listed in Section 2.00 may have access to the sensitive data sheet as part of the judgment. Forms are available in Section 9.00, et seq., to request protection of information.*

(d)     *Family law:*

1.     *Except as otherwise provided by law, information in the following categories of litigation is not accessible to the public without leave of court:*

A.     *Divorce and legal separation proceedings;*

B.     *Annulment proceedings;*

C.     *Paternity proceedings;*

D.     *Parenting plan proceedings;*

E.     *Grandparent visitation proceedings*

F.     *Name change of a minor proceedings; and*

18

       G.      *Proceedings for guardianship or conservatorship.*

2)     *Provided, however, that the following final orders shall be public record, except as provided in subsection (d)(3) below:*

       A.      *Final decrees of dissolution;*

       B.      *Dissolution settlement agreements;*

       C.      *Parenting plans;*

       D.      *Child support orders;*

       E.      *Orders of protection;*

       F.      *Notices of entry of judgment;*

       G.      *Decrees of annulment;*

       H.      *Decrees of legal separation;*

       I.      *Final paternity orders;*

       J.      *Final grandparent visitation orders;*

       K.      *Final appointments of guardian or conservator;*

       L.      *Final orders changing name of a minor child;*

       M.      *Final post-judgment orders; and*

       N.      *Any order to which public access is deemed necessary by the court.*

3)     *Information described in subsection (c) above must be redacted from the final orders prior to their release to the public.*

(e)     *It is the responsibility of the filing party to comply with these rules* <u>*and follow the procedures of Section 4.60*</u> *to protect private information.*

 

**[Proposed] Section 4.60—Requests to Prohibit Public Access to Information in Court Records or to Obtain Access to Restricted Information**

(a)     *A motion or request to prohibit public access to information in a court record may be made by any party to a case, the individual about whom information is present in the court record, the clerk of court, or on the court's own motion. The court must decide whether there are sufficient grounds to prohibit access by determining whether the demand of individual privacy clearly exceeds the merits of public disclosure.*

*~~The court should require that a party file a motion to protect the information, with the information to be protected in a sealed envelope lodged, but not filed, with the court. If the court grants the motion or request, the information will be filed under seal. If the court denies the request, the party will have the option to file the information with knowledge that it will be accessible to the public.~~*

(b)     *~~In restricting access the court will use the least restrictive means that will achieve the purposes of the access rules and the needs of the requestor.~~*

*A request to obtain access to information in a court record to which access is prohibited under section 4.50 or 4.60(a) of these rules may be made by any member of the public or on the court's own motion upon notice as provided in subsection 4.60(c).*

*The court must decide whether there are sufficient grounds to prohibit access by determining whether the demand of individual privacy clearly exceeds the merits of public disclosure.*

*When the request is made for bulk or compiled information to which public access has been prohibited under Section 4.50 and 4.60 (a) of these rules, the court should consider the actions provided in section 4.40 (c) when making such a determination.*

*(c)*     *The following is the process for making requests described in 4.50(a) and 4.50 (b) where that process is not provided in statute or case law. The request shall be made by a written motion to the court. The requestor will give notice to all parties in the case except as prohibited by law. ~~The court may require notice to~~ <u>Notice shall</u> be given by the requestor or another party to any individuals or entities identified in the information that is the subject of the request. When the request is for access to information to which access was previously prohibited under section 4.60(a), the court will provide notice to the individual or entity that requested that access be prohibited either itself or by directing a party to give the notice.*

*(d)*     <u>*Forms are available in Section 9.00, et seq., to request protection of information. Requests to protect information will be made in a format substantially similar to these forms.*</u>

20

_____
(*your name*)

_____
(*your mailing address*)

_____
(*city*)          (*state*)          (*ZIP*)

_____
(*your phone number (optional)*)

In the (*check the box and fill in blanks for the court where you file*):

☐ **Municipal Court of** _____,
                          (*city where court is*)

☐ **City Court of** _____,
                     (*city where court is*)

☐ **Justice Court of** _____ **County,**
                        (*county where court is*)

☐ _____**Judicial District Court,**_____ **County,**
   (*number*)                         (*county where court is*)

**State of Montana**

| (*Copy the left side of the caption from your main court papers.*) | Cause No.: _____<br>Dept. No.: _____<br>(*to be filled out by Clerk of Court*)<br><br>**Sensitive Data Sheet (Civil)** |
|---|---|

This sheet contains private information that will be filed under seal and will not appear in the court record that is available to the public. The parties will omit this information from papers they file. For bank statements and other papers filed as attachments or evidence, parties will file complete originals under seal and file copies with private information taken out for the public record. The information in this sensitive data sheet will be redacted from public record final orders in many

circumstances. The parties, the parties' attorneys, agencies that enforce the orders and judgment in this case and need to see private information, and court employees can see and copy this sheet. It will be served on all parties.

**Private Information About a Child, Including Best Interests Information**

| Private information (read "Keeping a Child's Information Private" worksheet, available under "Forms" at www.lawlibrary.mt.gov) |
| --- |
|  |
|  |
|  |
|  |
|  |

**Social Security Numbers**

| Person's name | Full social security number to be redacted | Substitute term to be used in court papers, if any |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

22

**Financial Account Numbers**

| Type of account and financial institution (ex. "Wells Fargo checking") | Complete account number to be redacted | Substitute term to be used in court papers, if any |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

**Full birth dates**

| Person's name | Full date of birth to be redacted | Substitute term to be used in court papers, if any |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

**Other information the judge has ordered to be included here**

| Information to be redacted, including page or paragraph numbers in court papers as needed | Substitute term to be used for redacted information, if any |
|---|---|
| | |
| | |
| | |
| | |
| | |

Date signed (*mm/dd/yyyy*):_____

Party or judge's signature (*sign here*):_____

_____
(*your name*)

_____
(*your mailing address*)

_____
(*city*)           (*state*)           (*ZIP*)

_____
(*your phone number (optional)*)


**In the** (*check the box and fill in blanks for the court where you file*):

☐ **Municipal Court of** _____,
(*city where court is*)

☐ **City Court of** _____,
(*city where court is*)

☐ **Justice Court of** _____ **County,**
(*county where court is*)

☐ _____ **Judicial District Court,** _____ **County,**
(*number*)                          (*county where court is*)

**State of Montana**

| | |
|---|---|
| | Cause No.: _____ <br> Dept. No.: _____ <br> (*to be filled out by Clerk of Court*) |
| | **Motion to Require Compliance With Sensitive Data Sheet** |
| (*Copy the left side of the caption from your main court papers.*) | |

I am (*check one*): ☐ a party to this case / ☐ a person whose private information is in the record of this case. A Sensitive Data Sheet was filed in this case. Someone has filed one or more court papers that do(es) not comply with the Sensitive Data Sheet. I ask the Court to order that person to redact the paper(s) or file the paper(s) under seal to comply with the Sensitive Data Sheet. I also

24

ask that the Court direct the Clerk of Court to keep the paper(s) under seal until the party has followed the Court's order.

This is a list of the filed court papers that do not comply with the Sensitive Data Sheet (*write the name of the papers, such as "Answer" or "Response"*):

_____

_____

_____

_____

_____.

I respectfully ask the Court to:
- Direct the Clerk of Court to keep the filed paper(s) under seal until they are made to comply with the Sensitive Data Sheet;
- Order the person who filed the court paper(s) to redact or re-file under seal to comply with the Sensitive Data Sheet;
- Grant any other relief deemed appropriate.

Date:_____   Signature:_____
   (*mm/dd/yyyy*)                                    (*sign your name*)

_____
(*your name*)

_____
(*your mailing address*)

_____
(*city*)          (*state*)          (*ZIP*)

_____
(*your phone number (optional)*)

**In the** (*check the box and fill in blanks for the court where you file*):

☐ **Municipal Court of** _____,
                                        (*city where court is*)
☐ **City Court of** _____,
                                        (*city where court is*)
☐ **Justice Court of** _____ **County,**
                                        (*county where court is*)
☐ _____ **Judicial District Court,** _____ **County,**
(*number*)                                        (*county where court is*)

**State of Montana**

|  | Cause No.: _____<br>Dept. No.: _____<br>(*to be filled out by Clerk of Court*) |
|---|---|
| | **Certificate of Compliance with Sensitive Data Sheet** |
| (*Copy the left side of the caption from your main court papers.*) | |

I am a party to this case. I certify I have reviewed the sensitive data sheet filed in this case. To protect the information in the sensitive data sheet, I have redacted any papers I filed before the sensitive data sheet, and will continue to redact papers I file in the future. To redact, I either leave the information out, or make a copy of the paper, cross out the information, and file both the original and copy.

Date (mm/dd/yyyy)_____     Signature_____

26

_____
(*your name*)

_____
(*your mailing address*)

_____
(*city*)          (*state*)          (*ZIP*)

_____
(*your phone number (optional)*)

**In the** (*check the box and fill in blanks for the court where you file*):

☐ **Municipal Court of** _____,
(*city where court is*)

☐ **City Court of** _____,
(*city where court is*)

☐ **Justice Court of** _____ **County,**
(*county where court is*)

☐ _____**Judicial District Court,**_____ **County,**
(*number*)                    (*county where court is*)

**State of Montana**

| | |
|---|---|
| (*Copy the left side of the caption from your main court papers.*) | Cause No.: _____ <br> Dept. No.: _____ <br> (*to be filled out by Clerk of Court*) <br><br> **Motion to Seal or Redact, With Supporting Brief** |

I am (*check one*): ☐ a party to this case / ☐ a person whose private information is in a filed court paper. I am asking the court to seal the record or, in the alternative, to order the parties to redact court papers to protect private information.

27

If I am not a party, I am asking the court to protect information about me or my child in this court record. If I am a party, I am asking that private information about me and other people be protected.

The information I want to keep private is in these court papers (*fill in the chart below so the court can find the information you want kept private*):

| Name of Court Paper or Exhibit (*ex. "Complaint" or "bank statement with Answer"*) | Page Number(s) | Paragraph Number(s) (*if there are any*) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

The types of information I want to keep private include (*check the boxes that apply to your court papers*):

☐ a complete social security number for myself or someone else

☐ a complete financial account number for myself or someone else

☐ a full date of birth for myself or someone else

☐ sensitive information about a child

☐ a type of information that is not to be made public under federal or state law. The law is (*write the statute, case name, or regulation*):

_____

☐ the record of an interview, report, investigation or testimony in a parenting proceeding which should be kept secret to protect the child's welfare, including an appointed investigator's report (*for parenting cases only*)

☐ medical, psychiatric, or psychological records

☐ my address or someone else's address, because I am afraid someone who has been violent in the past will find me or the other person

☐ information about a child that a predator could use to find or harm the child

☐ information that would embarrass me or someone else if made public

☐ another type of information I believe should be kept private, which is (*write the general type of information you want kept private such as "a description of my daily routine"*): _____

_____

## Supporting Brief

I am asking the Court to seal this record based on the "Rules for Privacy and Public Access to Court Records in Montana" adopted by the Montana Supreme Court in cause number AF 06-0377 (Privacy Rules), and the constitutional right of privacy in Article II, Section 10, of the Montana Constitution, as balanced against the constitutional right to know in Article II, Section 9 and the public records statutes in Title 2, Chapter 6, of the Montana Code Annotated. If this is a parenting proceeding, I am also relying on §§ 40-4-215 and -216, MCA, to keep private any interviews, reports, investigations, testimony and appointed investigator's reports to protect the child's welfare. I also rely on any federal or state laws I listed above. I am giving notice of this motion to other parties, as required by Section 4.60 of the Privacy Rules.

## Request for Relief

I respectfully ask that the Court seal the record in this case. Alternatively, I ask that the Court order the parties to keep the information listed above out of the court record that the public can see. I further ask that, if the Court does not order the record sealed, that the court amend the sealed sensitive data sheet or, if no sensitive data sheet has been filed, order a party to file one. Finally, I ask that the Court order any relief it deems just.

Date signed:_____   Signature:_____
         (*mm/dd/yyyy*)                (*sign your name*)

                      Printed name:_____
                               (*print your name*)

29

_____
(*your name*)

_____
(*your mailing address*)

_____
(*city*)        (*state*)        (*ZIP*)

_____
(*your phone number (optional)*)

**In the** (*check the box and fill in blanks for the court where you file*):

☐ **Municipal Court of** _____,
(*city where court is*)

☐ **City Court of** _____,
(*city where court is*)

☐ **Justice Court of** _____ **County,**
(*county where court is*)

☐ _____ **Judicial District Court,** _____ **County,**
(*number*)                    (*county where court is*)

**State of Montana**

|  |  |
|---|---|
| | Cause No.: _____ <br> Dept. No.: _____ <br> (*to be filled out by Clerk of Court*) <br><br> **Response to Motion** |
| (*Copy the left side of the caption from your main court papers.*) | |

I am (*check one*): ☐ a party to this case / ☐ a person whose private information is in a filed court paper. Another person filed a (*check one*): ☐ Motion to Seal or Redact, With Supporting Brief / ☐ Motion to Require Compliance With Sensitive Data Sheet.

30

I disagree with these parts of the Motion (*write the parts of the motion you disagree with*):_____

_____

_____

_____

_____.

## Supporting Brief

This is why I disagree: _____

_____

_____.

I base my response on the "Rules for Privacy and Public Access to Court Records in Montana" adopted by the Montana Supreme Court in cause number AF 06-0377 (Privacy Rules), and the constitutional right of privacy in Article II, Section 10, of the Montana Constitution, as balanced against the constitutional right to know in Article II, Section 9 and the public records statutes in Title 2, Chapter 6, of the Montana Code Annotated. I also rely on these state and federal laws (*write any laws you rely on*):_____

_____

_____.

## Request for Relief

I ask that the Court deny the parts of the Motion I refer to above.

Date signed:_____      Signature:_____
          *(mm/dd/yyyy)*                *(sign your name)*

                           Printed name:_____
                                   *(print your name)*

_____

(*your name*)


_____

(*your mailing address*)


_____

(*city*)        (*state*)        (*ZIP*)


_____

(*your phone number (optional)*)


In the (*check the box and fill in blanks for the court where you file*):

☐ **Municipal Court of** _____,
                              (*city where court is*)

☐ **City Court of** _____,
                        (*city where court is*)

☐ **Justice Court of** _____ **County,**
                          (*county where court is*)

☐_____**Judicial District Court,**_____ **County,**
(*number*)                          (*county where court is*)

**State of Montana**

| | |
|---|---|
| | Cause No.: _____<br>Dept. No.: _____<br>(*to be filled out by Clerk of Court*) |
| (*Copy the left side of the caption from your main court papers.*) | **Request for Access to Restricted Information, With Supporting Brief** |

The Court restricted access to certain information in this case. I am asking the Court for access to that information.

## Information about me

My name is (*write name*): _____. My request to see this information (*check one*): ☐ is / ☐ is not related to my job.

32

If it is related to my job, my title is (*write title*):_____

and my employer is (*write employer*): _____.

This is the information I want to access (*write the information you want to be able to see*):_____

_____

_____

_____.

## Supporting Brief

I want to access this information because (*write why you want to see the information*):_____

_____

_____

_____.

Other than the right to know in the Montana Constitution, I rely on the following laws (*write any laws that support your request*):_____

_____

_____

_____

I am serving this Motion on the parties and on any person who asked the court to protect his or her private information.

I ask that the Court grant me access to the restricted information.

Date signed:_____ Signature:_____
        (*mm/dd/yyyy*)                   (*sign your name*)

                                      Printed name:_____
                                           (*print your name*)

# Proof of Service
*(to be filled out and signed in front of a notary public)*

STATE OF MONTANA

:ss

County of _____
       *(county where you sign this)*

I sent, or will send as soon as I file, a full copy of this court paper *(check one)*:

☐      Sensitive Data Sheet

☐      Motion to Seal or Redact, With Supporting Brief

☐      Response to Motion

☐      Request for Access to Restricted Information, With Supporting Brief

This is the date of mailing by first class mail *(mm/dd/yyyy)*: _____.

These are the addresses I used to mail copies of my court paper to parties and any people whose private information is in the papers in this court file.

| Name | Address | City | State | ZIP |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Signature: _____    Printed: _____
        *(sign your name)*               *(print your name)*

*(rest of form to be filled out by notary public)*

SIGNED AND SWORN to before me this _____ day of _____,

20____ by _____.

 

                                _____
                                Name *(printed)*: _____
(SEAL)                        Notary Public for the State of Montana.
                                  Residing at _____
                                  My Commission Expires_____

# PRIVATE INFORMATION IN COURT PAPERS
## for distribution by Montana Clerks of Court

Papers filed in Montana state courts are usually open to the public. Any person can see and copy most court papers. So it is important to protect private information about you and other people in court papers.

Depending on the case, private information can include the following:
- Social security numbers
- Dates of birth
- Bank and other financial account numbers
- Medical, psychological, counseling, and school records
- Names of minor children, or other sensitive information about minor children

Only give the court private information if the court needs it to decide your case. For example, the court may need to know your age to decide the case. In that situation, you could write only your age. You would not need to write your date of birth.

But there are some cases where the court will need private information to decide a case. For example, if your case is about child support, the court will need the parents' social security numbers.

Some courts use a "sensitive data sheet" to let the parties to a case write private information and file it under seal.

Parties, the parties' attorneys, and court staff can see "sealed" papers. But other people cannot see the "sealed" papers unless they get a court order. Some courts will require that you put some private information into your court papers, not in a sensitive data sheet.

You can ask the clerk of court if your court has adopted rules or forms for protecting private information.

In the future, there could be an electronic filing system. People would file electronic versions of their court papers. And people could see some or all of those papers on the Internet. This is even more reason to protect private information.

# KEEPING A CHILD'S INFORMATION PRIVATE

You may need to file information with the court about a child. But you may want to keep the public from seeing that information in your court record.

It can be hard to know what information about a child to keep private. These are some examples of things you may want to keep private about a child:

- Medical conditions and records;
- School records;
- Psychological condition and counseling records;
- Information about threats or abuse to the child;
- Drug or alcohol use or addiction by either the child or someone who comes into contact with the child;
- Details of the child's adjustment to home, school or community;
- Details of the child's relationship with parents, siblings, and anyone else who significantly affects the child;
- Anything that could be embarrassing or harmful to the child if any member of the public could see it.

These are examples of things about a child that probably are NOT private:

- Name
- Age
- Existing parenting plan

You can protect private information with a Sensitive Data Sheet or with a Motion to Seal or Redact, With Supporting Brief. You can write "See Sensitive Data Sheet" in a court paper if there is information you want to keep private. Then you can write the private information on the sensitive data sheet. You can use the Motion to Seal or Redact, With Supporting Brief, to protect information in medical records, letters, and other papers you did not write.

The other party or parent can see the Sensitive Data Sheet. He or she can respond in writing to what you say in the Sensitive Data Sheet. But the response should keep the information private too. If the other party does not keep the information private, you can file a Motion to Require Compliance With Sensitive Data Sheet to ask the judge to order the party to keep the information private.

Only give information the court needs to make a decision.